IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**DEMARKEE D. JIMERSON,**

    Defendant.

Case No. 21-CR-30131-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Defendant Demarkee Jimerson filed a Motion for Reconsideration (Doc. 115) on October 24, 2024, asking the Court to reconsider its Order Denying Defendant's Motion to Suppress Statements and Searches. (Doc. 65). The Government filed its response on November 8, 2024. (Doc. 120). For the reasons stated below, the motion is denied.

### BACKGROUND

The Court has set out an extensive factual background in its previous order (Doc. 73); this order incorporates those facts by reference. The facts discussed here will be those necessary for a ruling on Jimerson's motion.

On June 7, 2007, Jimerson pled guilty to the charge of "Possession With Intent to Distribute/Manufacture/Deliver a Controlled Substance," 12th Judicial Circuit Court, Warren County, MO; Case No. 06BB-CR01253. The Missouri state court sentenced him to 10 years' imprisonment on that charge. *Id.* The Missouri State Parole Board released him from confinement and placed him on parole. Jimerson subsequently absconded from parole and on May 18, 2011, officials with the Missouri

Parole Board issued a warrant for his arrest. (Doc. 115-1). A notation at the bottom of the warrant read "Attention Law Enforcement: Do Not Enter Into MULES or NCIC." *Id.* MULES and NCIC are databases that are accessible by law enforcement officers and that provide information about, among other things, pending warrant information for individuals. However, the warrant information was erroneously entered into NCIC, which made the arresting officers aware of the warrant. (Doc. 71-1, p. 13). The officers were also aware of Jimerson's warrant status from information that confidential informants provided to them. These informants told the officers that Jimerson was using the alias "Aaron Gregory" because he was aware of his active arrest warrant and was seeking to conceal his identity. (*Id.*, p. 5). The agents had connected the name "Aaron Gregory" to Jimerson through utility bills at his Cahokia residence and through his airline records. *Id.*

Jimerson contends that he was told by the on-scene law enforcement officials that he was being arrested on an outstanding parole warrant out of the State of Missouri. From this initial improper arrest and detention, which was purportedly based on the parole warrant in Missouri, came the protective sweep, Jimerson's statements, search warrant application/issuance, and the ultimate execution of the search warrant, all of which Jimerson contends were fruit of the poisonous tree and must be suppressed.

## ANALYSIS

Jimerson alleges the Missouri warrant was invalid because: (1) the individuals issuing the warrant were not Judicial officers or commissioners but were instead parole officers with the Missouri Board of Probation and Parole; and (2) the warrant

should not have been entered into law enforcement warrant information databases like the Missouri Uniform Law Enforcement System (MULES) and the National Crime Information Center (NCIC).

The Court need not analyze whether the warrant was invalid on either of these grounds, because even assuming, *arguendo*, that the warrant was invalid, the officers had probable cause based on the DEA investigation to arrest Jimerson, independently of the warrant. The fact that the officers told Jimerson he was being arrested on the basis of the Missouri warrant has no bearing on the analysis as to whether there was an independent basis of probable cause for his arrest.

A warrantless arrest is valid under the Fourth Amendment only if it is supported by probable cause. *United States v. Alexander*, 78 F.4th 346, 348 (7th Cir. 2023). Probable cause exists, in turn, when an objectively reasonable officer—with the same information known by the arresting officer—would believe there is a probability or substantial chance of criminal activity. *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). The Court determines, based on the same reasons it determined in its previous Order that probable cause was sufficient for the issuance of a search warrant, that there was probable cause to arrest Jimerson, independent of the Missouri warrant. The pertinent facts compelling this conclusion are summarized in the following paragraphs and are taken from the Court's previous Order analyzing probable cause. (Doc. 73).

A DEA investigation into Jimerson began in April of 2021; it was based on information developed from a confidential source. The source provided information of large purchases made from Jimerson and advised that he travelled between Las

Vegas, Nevada and his Cahokia residence to supply the drugs.

Based upon this information, the investigators began surveillance and verified the tips: they observed unusual activity around the home with people coming and going from the residence, some of whom arriving with large suitcases and staying for short periods of time and others coming empty handed and leaving with bags. Officers also observed communications between the confidential source and Jimerson, hearing him discuss what he could obtain and the various price quotes. On July 24, 2021, agents approached Jimerson and five other individuals outside the Cahokia residence. Jimerson was placed under arrest.

It is important to note that Jimerson, in his motion, does not contest these facts, nor does he argue that there was a lack of probable cause for his arrest. The Court determines that from the DEA investigation, probable cause existed for Jimerson's arrest. The DEA corroborated its tips from confidential sources by conducting surveillance of Jimerson's residence, obtained conversations between Jimerson and those sources regarding the transactions, and observed several people arriving at the residence empty-handed or with large suitcases and leaving with bags. Based on these facts, the Court concludes that a reasonable officer would conclude that there was "a substantial chance of criminal activity" occurring at Jimerson's Cahokia residence.

## Conclusion

Any defects in the Missouri warrant notwithstanding, the Court determines that the officers had probable cause to arrest Jimerson based on the DEA investigation. As this provides a lawful source of probable cause independent of the

Missouri arrest warrant, Jimerson's Motion to Reconsider (Doc. 115) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 20, 2024**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
